IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEXTER LORANTHO JEMISON,**

                  **Petitioner,**

      **v.**                              **CASE NO. 05-3329-RDR**

**DUKE TERRALL,**

                  **Respondent.**

**O R D E R**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. 2241, filed pro se by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Having reviewed petitioner's limited financial resources, the court grants petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Petitioner argues he is not the "Terry L. Jemison" who was indicted and convicted in United States District Court for the Central District of Illinois (C.D.Ill.), Case No. 00-10007-02, and claims he has a different name, social security number, and date of birth. The only information provided on this claim is a 1995 health status summary for "Terry L. Jemison" that provides a date of birth and social security number. However, petitioner provides no contrary identification data, and court records clearly document petitioner's earlier C.D.Ill. conviction in 1995 wherein "Terry Jemison" is listed as an alias name for petitioner.

Petitioner also claims the criminal judgment entered against

him in C.D.Ill. Case No. 00-100007-02, dismissed the criminal charges, or in the alternative, the judgment is unconstitutionally vague. Petitioner provides a copy of the judgment, showing petitioner was convicted on counts 1s and 3s in a superseding indictment, and showing the dismissal of counts 1 and 3 in the original indictment.

To the extent petitioner challenges the legality of his active conviction and judgment, relief must be pursued in the Central District of Illinois. This court has no jurisdiction to consider any such claim absent a showing the remedy afforded under 28 U.S.C. 2255 filed in the sentencing court is inadequate or ineffective. *See* 28 U.S.C. 2255 (district court prohibited from entertaining application for writ of habeas corpus on behalf of prisoner authorized to apply for relief under section 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). A habeas corpus petition under 28 U.S.C. 2241 is not intended as an additional, alternative, or supplemental remedy to that afforded by 28 U.S.C. 2255. <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). For federal inmates, the section 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." <u>Id</u>.

To any extent petitioner alleges he is incarcerated on the

2

criminal judgment and sentence of another person, this bare allegation appears conclusory and frivolous in light of available court records.  Additionally, petitioner must first demonstrate his exhaust administrative remedies before seeking relief in a federal court under 28 U.S.C. 2241.  See <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986)(exhaustion of administrative remedies required).  Absent supplementation of the record to provide additional information and to show petitioner's exhaustion of administrative remedies on such a claim, the court finds this claim is subject to being dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition for writ of habeas corpus filed under 28 U.S.C. 2241 should not be dismissed for the reasons stated by the court.

DATED:  This 16th day of August 2005, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

3