IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEXTER LORANTHO JEMISON,**
                Petitioner,

        v.                          CASE NO. 05-3329-RDR

**DUKE TERRELL,**
                Respondent.

**MEMORANDUM AND ORDER**

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. 2241 by Mr. Jemison while he was an inmate at the United States Penitentiary, Leavenworth, Kansas. Petitioner has since been transferred to the United States Penitentiary, Terre Haute, Indiana.

Petitioner claims the sentence he is serving which was imposed in December, 2000, in the United States District Court for the Central District of Illinois, should be vacated because he is not the person named in the indictment and judgment, even though he pled guilty. He alleges the name on the indictment and judgment is Terry L. Jemison, and he is Dexter Lorantho Jemison, not Terry L. Jemison. He states Terry L. Jemison also has a different social security number and birth date than he. Exhibits provided by plaintiff indicate Terry Jemison is an alias name for petitioner, although he denies this.

Petitioner also claims that the judgment of conviction under which he is incarcerated provided that Counts 1 and 3 were

dismissed[1], or alternatively was void for vagueness. He claims entitlement to immediate release.

Petitioner alleged in his Petition that he has not filed a motion under 28 U.S.C. 2255 in the sentencing court raising his challenges to his conviction and/or sentence.

This court issued an order on August 16, 2005, finding this court has no jurisdiction over challenges to the legality of petitioner's conviction and sentence, and advising that his remedy was in the sentencing court by motion under 28 U.S.C. 2255. The court also found petitioner's allegation that he is confined based upon a judgment and sentence entered against another person conclusory and frivolous. Petitioner was granted time to show cause why this action should not be dismissed for these reasons and for failure to demonstrate exhaustion of administrative remedies. After granting substantial extensions of time to respond, the court issued a second order requiring petitioner to show cause why his claim of mistaken identity should not be dismissed without prejudice to his refiling an action in the district in which he is incarcerated after he has exhausted administrative remedies.

Petitioner has filed a "Motion to Amend and Supplement" his 2241 petition. He seeks to amend ground one of his petition to state that he was "illegally convicted and sentenced for a crime" of which he is actually innocent because he is not the Terry L. Jemison

---

[1] The Judgment exhibited by petitioner shows Counts 1 and 3 were dismissed, and he was convicted on Counts 1s and 3s in an superseding indictment. Petitioner was sentenced to 168 months on count 1s and 84 months on Count 3s, to be served consecutively.

named in the indictment, and to add facts in support of this claim. Although petitioner again alleges Terry L. Jemison is not one of his aliases, the BP-229 response by the warden at USPL exhibited by him indicates Terry Jemison "was determined to be an alias," and that his current sentence computation "reflects your true name on all of your computations."

The court treats petitioner's Motion to Amend and Supplement Petition (Doc. 13) as his response to the court's prior orders, and grants the motion. Having considered all the materials filed by petitioner, the court finds petitioner's claims are challenges to his convictions and sentences in the District of Illinois. The court further finds this 2241 action must be dismissed because this court lacks jurisdiction to determine petitioner's challenges to his convictions and sentences. Petitioner has made no showing that his remedy under 28 U.S.C. 2255 is inadequate or ineffective. Moreover, Mr. Jemison has not shown exhaustion of all available administrative remedies on his claim of mistaken identity. He exhibits a copy of the warden's response to a grievance filed by him after this action was commenced, but not of a regional or national appeal. The court concludes petitioner has failed to show cause why this action should not be dismissed for the reasons stated in the court's orders of August 16, 2005, and October 26, 2005.

**IT IS THEREFORE ORDERED that petitioner's Motion to Amend and Supplement Petition (Doc. 13) is granted, the spelling of respondent's name is corrected, and this action is dismissed,**

3

without prejudice, and all relief is denied.

DATED:  This 25th day of July, 2006, at Topeka, Kansas.


<ins>s/RICHARD D. ROGERS</ins>
United States District Judge

4